IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:18-CR-00182-M

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | ORDER |
| v. | |
| BRANDON KENDALE DUDLEY, | |
| Defendant. | |

This matter comes before the court on the Defendant Brandon Kendale Dudley ("Dudley" or "Defendant") pro se Motion for Sentence Reduction/Compassionate Release pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and (2) [filed September 23, 2024; DE 104] and the United States' response in opposition (DE 129). Defendant seeks a reduction of his sentence based on the alleged ineffective pretrial assistance of his counsel; his facility's (FCI Williamsburg) inability to treat his various medical conditions; the disparate sentences imposed for pure versus mixed methamphetamines; his unusually long sentence; and his history and characteristics. *See id.* Counsel was appointed pursuant to 19-SO-3 to represent him in this matter; however, on April 8, 2025, counsel moved to withdraw stating he "is not going to file any pleadings for Mr. Dudley pursuant to his pro se compassionate release motion." DE 122.

The court has learned that, since the filing of his motion, Defendant was transferred to FCI Ashland. *See* https://www.bop.gov/inmateloc/, last visited April 17, 2026. In addition, Defendant recently filed a second motion for compassionate release, for which new counsel has been appointed to represent him. DE 134, 136. In the second motion, Defendant argues that his facility

is unable to care for his various medical conditions and that his history and characteristics demonstrate an extraordinary and compelling reason for a sentence reduction. DE 134. Because his original pro se requests for the same relief may have been rendered moot by his transfer to a new facility, the court will deny those portions of the present motion without prejudice to Defendant's and his new counsel's arguments regarding the same in the more recent motion.

Regarding Defendant's arguments concerning his counsel's alleged ineffective pretrial assistance, the Fourth Circuit instructs that "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence." *United States v. Ferguson*, 55 F.4th 262, 272 (4th Cir. 2022). Defendant has directly appealed his conviction and sentence (*see* order affirming the judgment, DE 89) and, subsequently, moved to vacate his conviction based on ineffective assistance of counsel (*see* DE 94, order, DE 102). The court denies the present motion to the extent Defendant challenges his conviction based on the alleged ineffective assistance of counsel.[1] *See* DE 104 at 6-7, 11-12.

The court will proceed to analyze Defendant's remaining arguments claiming an "unusually long" sentence, compared to those imposed on similarly situated defendants, and an improper "disparity" between sentences for pure versus mixed methamphetamine. For the reasons that follow, Defendant's motion is denied.

## I.      Background

### A.      Procedural History

On February 12, 2020, the Honorable Terrence W. Boyle sentenced Defendant to 360 months' incarceration after a jury convicted him of one count of conspiracy to distribute and

---

[1] The court notes the Defendant's contention here that he advised his counsel before trial "that he suffered from a multitude . . . of serious mental health disorders" (DE 104 at 6) contradicts Defendant's later report to probation that he had "no history of mental or emotional problems or treatment for such" (DE 69 at 13).

possess with intent to distribute 50 grams or more of methamphetamine, one count of distribution and possession with intent to distribute 50 grams or more of methamphetamine; and two counts of distribution and possession with intent to distribute 5 grams or more of methamphetamine. PSR ¶ 7. The court varied downward from a guidelines sentence of life imprisonment. *Id.*; *see also* Tr. 29: 24 – 30: 7, DE 87.

Defendant appealed the judgment and, on February 5, 2021, the Fourth Circuit Court of Appeals affirmed, finding sufficient evidence to support the conviction, that the district court properly calculated the attributable drug weight, and that Defendant failed to show his substantial rights were affected by any error of the court in not adequately explaining his sentence. DE 89. Defendant filed a petition for writ of certiorari, but it was denied on October 4, 2021. DE 92, 93.

A year later, Defendant filed a pro se motion attacking his conviction pursuant to 28 U.S.C. § 2255. DE 94. Defendant argued that his trial counsel was ineffective in failing to object to the court's omission of a jury instruction regarding "aiding and abetting." *Id.* On May 25, 2023, Judge Boyle denied the motion finding that the court did, in fact, instruct the jury on aiding and abetting and that such instruction was not deficient under prevailing law. DE 102.

B.      Current Motion

Defendant filed the current motion pro se on September 23, 2024, asserting (in addition to those arguments raised and rejected, as described above) that he is entitled to a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) because (1) he received an unusually long sentence, as compared to similarly situated co-Defendants; and (2) the disparity between the multipliers for actual versus mixed methamphetamine in calculating converted drug weight is unfair.

The court appointed counsel to represent Defendant in this matter pursuant to 19-SO-3. Richard Croutharmel filed a notice of appearance on September 26, 2024. DE 106. After several

requests for extensions of time in which to file a brief in support of the motion, on May 9, 2025, Mr. Croutharmel moved to withdraw stating he "is not going to file any pleadings for Mr. Dudley pursuant to his pro se compassionate release motion." Mot. ¶ 5, DE 122. The court granted Mr. Croutharmel's motion and ordered the United States to file a response to Defendant's motion. *See* DE 123, 128.

On July 17, 2025, the United States filed a response opposing Defendant's motion and arguing (as relevant here) that Defendant cannot demonstrate an unusually long sentence, particularly given that he has served less than ten years of his sentence, and that the § 3553(a) factors, particularly Defendant's history and the nature of the offense, weigh heavily against reducing Defendant's term of imprisonment. DE 129.

In reaching its determination not to exercise its discretion to reduce Defendant's sentence, the court has considered all of the filed documents.

## II.     Legal Standards

For a motion seeking relief under § 3582(c)(1)(A),[2] a district court in its discretion may reduce a defendant's term of imprisonment if: (1) the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring such motion on the defendant's behalf *or* the lapse of thirty days from the receipt of such a request by the warden of the defendant's

---

[2] Defendant also cites to 18 U.S.C. § 3582(c)(2) as a source for his requested sentence reduction; however, he does not explain how his sentencing range "has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." To the extent that he (like others in 2023-2024) seeks a reduction based on Amendment 821, an attorney was appointed to represent Defendant to determine whether he was eligible for such reduction. DE 124. Laura Wasco found that, "[a]fter a thorough review of Mr. Dudley's case file for criminal history retroactivity issues, including contemporaneous notice to the defendant of our analysis and conclusions, the undersigned does not intend to present any motions before the court." DE 125. The court notes also that the Probation Office issued a report in which it found that, "[a]lthough [Amendment 821 is] applicable, it does not have the effect of lowering the guideline range for imprisonment." DE 127. In other words, even if the status points were removed to lower Defendant's criminal history score, his total offense level of 43 still results in a guidelines range of life imprisonment.

4

facility, whichever is earlier; and (2) the court finds that extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i);[3] *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). In deciding to reduce a sentence based on extraordinary and compelling reasons, the court must determine that a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission ("Sentencing Commission") and, to the extent applicable, consider the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Burleigh*, 145 F.4th 541, 547 (4th Cir. 2025) (courts must find that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and (3) the § 3553(a) factors weigh in favor of granting relief, "to the extent that they are applicable").

In November 2023, the Sentencing Commission adopted a new policy statement, outlining a non-exhaustive list of circumstances that constitute extraordinary and compelling reasons for compassionate release.[4] *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023). In addition, the new statement incorporates relevant sections of the First Step Act, including the amendment to Section 3582 which provides defendants with direct access to the courts. *Id.* In this case, Defendant does not cite any policy statements of the Sentencing Commission, relying only on the Fourth Circuit's prior opinion in *McCoy* for the proposition that "district courts are

---

[3] Alternative grounds for a sentence reduction, inapplicable here, are outlined in § 3582(c)(1)(A)(ii) (listing that the defendant be at least seventy years old, served at least thirty years in prison, and have a BOP determination that he is not a danger to the safety of any other person or the community).

[4] Notably, prior to the 2023 amendment, the Fourth Circuit determined that § 1B.13, while "helpful guidance," was not directly applicable to a motion for sentence reduction, because it was issued prior to, and inconsistent with, elements of the First Step Act. *United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020). The appellate court also determined that "the district court may consider *any* extraordinary and compelling reasons raised by the defendant as well as review § 1B1.13 to determine whether there is a sufficient 'extraordinary and compelling circumstance' warranting a sentence reduction." *United States v. Jenkins*, 22 F.4th 162, 169-70 (4th Cir. 2021).

5

'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" 981 F.3d at 284.

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing that such relief is warranted. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). The court may deny a defendant's motion based on its consideration of the applicable 3553(a) factors, even if extraordinary and compelling circumstances exist. *See Kibble*, 992 F.3d at 331-32. Notably, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

## I. Analysis

Based on the requirements of § 3582(c)(1)(A), the court must consider (1) whether Defendant exhausted his administrative remedies; (2) if so, whether extraordinary and compelling reason(s) exist warranting a reduction of his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

### A. Timeliness

The Fourth Circuit has determined that the requirement to exhaust administrative remedies prior to filing a motion under § 3582(c)(1)(A) is "non-jurisdictional, and thus waived if it is not timely raised." *Muhammad*, 16 F.4th at 129 (citing *United States v. Marsh*, 944 F.3d 524, 529 (4th Cir. 2019)). Defendant mentions nothing about whether he requested release from his facility's warden; however, the government raises no objection in this regard and, thus, any timeliness defense is waived.

### B. Extraordinary and Compelling Reason Under § 3582(c)(1)(A)

Section 1B1.13(b) sets forth the Sentencing Commission's list of extraordinary and compelling reasons on which defendants may seek a sentence reduction under § 3582(c)(1)(A).

6

Defendant does not cite any policy statement by the Sentencing Commission; however, the court finds, consistent with the plain language of the statute, that it must determine whether a requested sentence "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Relevant here, §§ 1B1.13(b)(5) and (b)(6) provide:

> (5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. §§ 1B1.13(b)(5) and (b)(6).

With respect to Defendant's claim that his sentence is unusually long compared to his co-Defendants "and other similar convicted defendants"[5] (DE 104 at 8), the court notes first that Defendant has not yet served "at least 10 years" of his 360-month sentence, as required by § 1B1.13(b)(6). According to the case docket, Defendant was arrested for the underlying conduct on December 4, 2018, and detained thereafter. *See* DE 15. Moreover, Defendant does not describe any "change in the law" that might be considered in determining whether Defendant presents an extraordinary and compelling reason. Rather, Defendant merely states that he "received a sentence of 360 months of imprisonment, in comparison to his codefendants and other similar[ly] situated defendant[s] who received much lesser [sic] time." DE 104 at 8. He also cites several district court cases that not only predate the most recent policy statement but, more importantly, rely on

_____

[5] Defendant does not identify any such "other" defendants or provide sufficient information for the court to evaluate his suggested comparison.

7

actual changes in the law, such as the removal of "stacking" § 924(c) sentences. *Id.* (citing, e.g., *United States v. Brown*, 411 F. Supp. 3d 446, 453 (S.D. Iowa 2019), *order amended on reconsideration*, 457 F. Supp. 3d 691 (S.D. Iowa 2020); *United States v. Marks*, 455 F. Supp. 3d 17, 36 (W.D.N.Y. 2020); *United States v. Haynes*, 456 F. Supp. 3d 496, 514 (E.D.N.Y. 2020)).

Even if Defendant established that his requested sentence reduction was otherwise consistent with § 1B1.13(b)(6), the court finds that it is not "unusually long." For his conduct, Defendant was subject to a guidelines sentence of life imprisonment. Judge Boyle found that Defendant's total offense level was properly computed and totaled 47 points (*see* Tr. 30: 14-30, DE 87); however, the guidelines require a maximum level of 43, and the guidelines range for a total offense level of 43 is life, notwithstanding the criminal history score. *See* PSR, ¶¶ 74, 76, DE 69. After hearing from the parties regarding application of the § 3553(a) factors, Judge Boyle, who presided over Defendant's jury trial, departed downward to a sentence of 360 months. Tr. 29: 24 – 30: 7, DE 87. Regarding "codefendants," Defendant was not charged with actual co-Defendants in the same case; however, the PSR identifies Defendant's family members, Eric Dudley and Dayona Dudley,[6] as co-conspirators. PSR ¶¶ 11, 12. For his conduct, Eric received a lower sentence—220 months' imprisonment—than Defendant's; however, his circumstances were substantially different from Defendant's, in that Eric was not a manager or supervisor of the drug trafficking organization, he was held accountable for less drug weight, and he accepted responsibility and pled guilty. *Id.* ¶ 9; *see also* Case No. 7:18-cr-00198-BO, DE 43 (E.D.N.C. Dec. 3, 2019). The court finds Defendant fails to demonstrate his lengthy sentence constitutes an extraordinary and compelling reason for a sentence reduction.

---

[6] Probation reported that the charges against Dayona Dudley were "dismissed due to Abatement as a result of her death on April 16, 2019." PSR ¶ 8.

Regarding Defendant's "actual versus mixed methamphetamine" theory, the court finds that, even if it were to determine the multipliers to be unfairly disparate, any application of Defendant's theory to his calculated drug weight would not change his guidelines range. Defendant contends that "[w]ere it not for the ten-fold multiplier, [Defendant's] base offense level, guideline range, and sentence would have been lower." DE 104 at 10. He is incorrect. Defendant's base offense level was determined to be 38 based on the total converted drug weight of 520,415.71 kg. PSR ¶ 64. If the court were to re-calculate the drug weight by using the lower multiplier for the 20,315.63 grams of "ice" (or, pure methamphetamine) for which he was held accountable, the total would be 40,631.26 kg of converted drug weight. That, added to the remaining drug weights (none of which are challenged by Defendant), results in a total converted drug weight of 154,734.37 kg. *See* PSR ¶ 64. The Drug Quantity Table, U.S.S.G. §2D1.1(c), reflects that a base offense level of 38 is proper for quantities of 90,000 kg or more of converted drug weight. Thus, even if the court were to calculate Defendant's guidelines range under his theory, the range would not change. The court finds Defendant has failed to demonstrate that any disparity in computing the weight of "ice" attributable to him may serve as an extraordinary and compelling reason to reduce his sentence.

In sum, the court finds that Defendant has failed to establish an extraordinary and compelling reason to grant him compassionate release at this time.

B.  Consideration of the § 3553(a) Factors

Although not required to do so,[7] the court also finds that consideration of the factors set forth in 18 U.S.C. § 3553(a) weighs against granting Defendant's motion at this time, even if he

---

[7] The Fourth Circuit has instructed that a district court must consider § 3553(a) factors if it "*first* finds that 'extraordinary and compelling reasons warrant such a reduction.'" *Jenkins*, 22 F.4th at 170 ("*If* a district court finds that a defendant has demonstrated 'extraordinary and compelling

had demonstrated an extraordinary and compelling reason for a sentence reduction. Section 3553(a) requires that a "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." In determining whether such purposes have been fulfilled with respect to the present motion, the court should consider, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a); *see also Jenkins*, 22 F.4th at 170.

The court finds Defendant's criminal history, characteristics, and offense conduct significant. First, by the time of the instant arrest, Defendant had been convicted of possessing a firearm, selling cocaine, eluding arrest, and reckless endangerment. PSR ¶¶ 28-36. A federal jury found that over a nearly ten-year period, Defendant distributed thousands of grams of methamphetamine, ecstasy, and marijuana, and, additionally, credible witnesses observed Defendant distribute thousands of grams of cocaine and cocaine base. *Id.* ¶¶ 11-22; *see also* Verdict, DE 52. Further, Defendant maintained a premises for the purpose of distributing drugs, possessed at least one firearm in connection with his drug trafficking activities, was the manager of the drug distribution conspiracy involving more than five participants, and engaged in witness intimidation and tampering in an effort to obstruct the investigation of his drug distribution activities. PSR ¶ 23. Finally, at sentencing, Defendant refused to take responsibility for his

---

reasons' for release, it must ***then*** consider the § 3553(a) sentencing factors 'to the extent that they are applicable'") (emphasis added).

conduct, maintained his "innocence," and accused the government of submitting false laboratory reports in evidence; in addition, the government reminded the court of a recorded jail call played before the jury in which Defendant stated, "they [the government] can't beat me because my co-conspirator [Defendant's niece] is dead." Tr. 6: 2 – 7: 22, 28: 13-15, DE 87.

According to the docket in this case, Defendant has served approximately 89 months of his 360-month sentence. The Bureau of Prisons anticipates releasing Defendant on August 6, 2043. *See* https://www.bop.gov/inmateloc/, last visited April 20, 2026.

The court finds that Defendant's history, characteristics, and offense conduct strongly implicate the need for a sentence "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)–(B). The court has fully considered the § 3553(a) factors and concludes that the purposes of Defendant's sentence remain unfulfilled.

## III.    Conclusion

The court finds that Defendant has failed to demonstrate an extraordinary and compelling reason to warrant this court exercising its discretion to grant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) or (c)(2). Application of Amendment 821 to reduce Defendant's criminal history and any requested correction of the "disparity" in computing his converted drug weight do not change Defendant's guidelines range. Also, Defendant has not demonstrated that he received an "unusually long" sentence, and his arguments concerning "ineffective pretrial assistance of counsel" are improper under § 3582(c). Due to Defendant's transfer and newly appointed counsel for his second, recently filed motion for compassionate release, Defendant's arguments here concerning his facility's insufficient response to his medical conditions are denied without prejudice to those the court will consider in Defendant's second counseled motion.

Furthermore, a jury found Defendant guilty of trafficking large amounts of dangerous narcotics, he managed the drug trafficking operation for which he maintained a premises, and witnesses have observed his possession of firearms; this conduct and Defendant's history resulted in a 360-month prison sentence, for which Defendant has not yet fulfilled the purposes set forth in 18 U.S.C. § 3553(a).

For all of these reasons, Defendant's motion for reduced sentence pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and (2) [DE 104] is DENIED WITHOUT PREJUDICE in part (regarding Defendant's medical circumstances) and DENIED in all other parts.

SO ORDERED this 21st day of April, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE